**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE No.        21-50333 (JAM) |
| HEATHER MARIE BLISS, ) | |
| ) | CHAPTER        7 |
|     DEBTOR. ) | |
| ) | |
| U.S. BANK, NATIONAL ASSOCIATION ) | |
| AS LEGAL TITLE TRUSTEE FOR ) | |
| TRUMAN 2016 SC6 TITLE TRUST, ) | |
|     MOVANT, ) | |
| ) | RE: ECF No.        27 |
| v. ) | |
| ) | |
| HEATHER MARIE BLISS, ) | |
|     RESPONDENT. ) | |
| ) | |

**Appearances**

| | |
|---|---|
| Sara M. Buchanan | *Attorney for the Movant* |
| Bendett & McHugh, P.C. | |
| 270 Farmington Avenue, Suite 171 | |
| Farmington, CT 06032 | |
| | |
| Roy W. Moss, Esq. | *Attorney for the Respondent* |
| 30 Old Kings Highway South | |
| Darien, CT 06820 | |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.        Introduction**

        On May 20, 2021, Heather Marie Bliss (the "Debtor") commenced this case by filing a

Chapter 7 petition.  On June 25, 2021, U.S. Bank National Association as Legal Title Trustee for

Truman 2016 SC6 Title Trust ("U.S. Bank") filed a Motion for Relief from Stay with regard to the real property commonly known as 123 Murray Street, Norwalk, Connecticut 06851 (the "Property") seeking relief under 11 U.S.C. § 362(d)(2) and *in rem* relief under § 362(d)(4) (the "Motion for Relief from Stay," ECF No. 27).  On July 23, 2021, the Debtor filed a Response to the Motion for Relief from Stay consenting to relief entering under section 362(d)(2) but objecting to *in rem* relief entering under section 362(d)(4) (the "Response," ECF No. 36).  The Court held a hearing on the Motion for Relief from Stay on July 27, 2021.  At the close of the hearing, the Court took the Motion for Relief from Stay under advisement.  For the reasons that follow, the Motion for Relief from Stay is granted.

**II.    Background**[1]

1. On June 9, 2014, Christina Trust commenced a foreclosure action against the Debtor in Connecticut Superior Court (the "State Court Foreclosure Action").  *See Christina Trust v. Heather Marie Bliss*, Case FST-CV14-6022455-S.  U.S. Bank was substituted as the plaintiff in the State Court Foreclosure Action on September 20, 2017 after it was assigned the note and mortgage secured by the Property.

2. On March 15, 2017, the Debtor filed a Chapter 11 case, Case No. 17-50281 (the "2017 Bankruptcy Case").  The 2017 Bankruptcy Case was dismissed on April 27, 2017.

3. On November 22, 2017, U.S. Bank filed a Motion for Summary Judgment in the State Court Foreclosure Action, which was granted on June 7, 2018.  The Debtor appealed the order granting the Motion for Summary Judgment to the Connecticut Appellate Court on June

---

[1] The facts set forth herein are contained in the Motion for Relief from Stay and exhibits attached thereto.

26, 2018. The Connecticut Appellate Court dismissed the appeal on July 18, 2018 for lack of a final judgment.

4. On August 27, 2018, the Debtor filed a Motion to Dismiss in the State Court Foreclosure Action, which was denied on September 24, 2018. The Debtor appealed the order denying the Motion to Dismiss to the Connecticut Appellate Court on October 12, 2018. The Connecticut Appellate Court dismissed the appeal on November 1, 2018 for lack of a final judgment.

5. On October 15, 2018, a Judgment of Foreclosure by Sale entered in the State Court Foreclosure Action. The Judgment of Foreclosure by Sale determined that the fair market value of the Property was $1,000,000.00 and the debt owed by the Debtor was $2,042,507.86. The Judgment of Foreclosure by Sale set a sale date of February 2, 2019.

6. The Debtor filed another appeal of the Judgment of Foreclosure by Sale to the Connecticut Appellate Court on November 2, 2018. On February 13, 2019, the Connecticut Appellate Court granted U.S. Bank's Motion to Dismiss the appeal, finding the appeal frivolous.

7. The Property was sold to U.S. Bank at a foreclosure sale held on February 2, 2019.

8. The Superior Court approved the sale of the Property to U.S. Bank and the Committee Deed transferring the Property to U.S. Bank in an order dated February 19, 2019.

9. On February 22, 2019, the Debtor filed an appeal of the order approving the sale of the Property in the Connecticut Appellate Court. On March 20, 2019, the Connecticut Appellate Court dismissed the Debtor's appeal of the order approving the sale as frivolous.

10. On March 29, 2019, the Debtor filed a Chapter 13 case, Case No. 19-50391(the "2019 Bankruptcy Case"). On June 5, 2019, U.S. Bank was granted relief from the automatic stay in the 2019 Bankruptcy Case. The 2019 Bankruptcy Case was dismissed on June 14, 2019.

11. On October 29, 2020, the Superior Court granted U.S. Bank's Motion for Supplemental Judgment and a supplemental judgment entered in favor of U.S. Bank in the State Court Foreclosure Action (the "Supplemental Judgment").

12. The Debtor filed a Motion to Reargue/Reconsider regarding the Supplemental Judgment, and a Motion to Open and Vacate the Supplemental Judgment, both of which were denied. The Debtor appealed the denial of both motions to the Connecticut Appellate Court on December 21, 2020.

13. A Foreclosure by Sale Committee Deed transferring ownership of the Property to U.S. Bank was recorded on the land records on January 28, 2021.

14. The Connecticut Appellate Court dismissed both of the Debtor's appeals regarding the Supplemental Judgment on February 10, 2021, finding one appeal frivolous and the other moot. Thereafter, on February 22, 2021, the Debtor filed a Motion for Reconsideration *en banc*, which was denied on March 17, 2021.

15. The Debtor filed a Petition for Certiorari to the Connecticut Supreme Court on April 6, 2021. On May 21, 2021, the Connecticut Supreme Court denied the Debtor's Petition for Certiorari.

16. U.S. Bank filed a Motion for Deficiency Judgment in the State Court Foreclosure Action on April 30, 2021.

17. On May 20, 2021, the Debtor filed the instant case.

### III.    Discussion

U.S. Bank is seeking relief from the automatic stay under 11 U.S.C. §§ 362(d)(2) and (d)(4). Section 362(d) requires the party seeking relief from the automatic stay to be "a party in interest." Section 362(g) provides that the party requesting such relief has the burden of proof on the question of the debtor's equity in property, and the party opposing relief has the burden on all other issues. 11 U.S.C. § 362(g). The moving party must first establish a *prima facie* case for relief, which requires a showing of a factual and legal right to the relief sought. 3 *Collier on Bankruptcy*, ¶ 362.10 (16th ed. 2020). Under section 362(d), if a movant establishes a *prima facie* case and no contrary evidence is presented, the Court "shall" grant the relief requested. 11 U.S.C. § 362(d). After a careful review of the record in this case, the Court finds that U.S. Bank has met its burden of proof under section 362(g).

There is no dispute that U.S. Bank is a "party in interest" entitled to seek relief from the automatic stay under Section 362(d), which the Debtor admits in the Response. Furthermore, U.S. Bank has satisfied it burden of proof on the issue of the Debtor's equity in the Property under section 362(g)(1) because the October 15, 2018 Judgment of Foreclosure by Sale establishes that there is no equity in the Property: the Judgment of Foreclosure by Sale determined that the fair market value of the Property was $1,000,000.00 and the debt owed by the Debtor was $2,042,507.86. Additionally, the Property is not necessary for an effective reorganization because this is a Chapter 7 case, the purpose of which is liquidation, not reorganization. *See In re Escobar*, 457 B.R. 229, 242 (Bankr. E.D.N.Y. 2011). Accordingly, relief from the stay under section 362(d)(2) is granted in favor of U.S. Bank.

In addition to seeking relief under section 362(d)(2), U.S. Bank also seeks *in rem* relief from the automatic stay. Section 362(d)(4) provides that the Court shall grant *in rem* relief from

the automatic stay if the Court finds the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either a transfer of interest in real property without the consent of the secured creditor or multiple bankruptcy filings affecting the property. *See* 11 U.S.C. § 362(d)(4). Bankruptcy courts "may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *See In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012); *see also In re Porzio*, 622 B.R. 134, 137-38 (D. Conn. 2020); *In re Conrad*, 614 B.R. 20, 27-28 (Bankr. D. Conn. 2020); *In re Caires*, 611 B.R. 1, 8 (Bankr. D. Conn. 2020).

Here, the record establishes that the Debtor filed three bankruptcy cases throughout the pendency of the State Court Foreclosure Action. In addition to the fact that the Debtor filed multiple bankruptcy filings affecting the Property, the Debtor's 2019 Bankruptcy Case and the instant case were filed in relation to pivotal events in the State Court Foreclosure Action. The Debtor's 2019 Bankruptcy Case was filed after the Connecticut Appellate Court dismissed the Debtor's appeal of the order approving the sale of the Property. Likewise, the instant case was filed soon after the Connecticut Appellate Court dismissed the Debtor's appeals relating to the Supplemental Judgment and after U.S. Bank moved for a deficiency judgment against the Debtor. The timing of these filings in relation to significant events in the State Court Foreclosure Action permits an inference that the Debtor is attempting to hinder, delay, or defraud U.S. Bank from completing the foreclosure action. *See In re Richmond*, 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2014) (finding filings on "the eve of significant events" in a foreclosure action permitted an inference of an intent to hinder or delay).

In addition to the Debtor's multiple bankruptcy filings, the numerous appeals filed by the Debtor in the State Court Foreclosure Action, all of which were denied and several of which were denied as frivolous, demonstrate an intent to delay U.S. Bank from enforcing its rights with

respect to the Judgment of Foreclosure by Sale and the Supplemental Judgment. Therefore, under the specific facts and circumstances surrounding the multiple bankruptcy filings, U.S. Bank is also granted *in rem* relief under section 362(d)(4).

IV. **Conclusion**

For the reasons set forth above, it is hereby

**ORDERED**: The Motion for Relief from Stay is granted. U.S. Bank is granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(2) and 362(d)(4) and a separate order granting relief from the stay and *in rem* relief will enter; and it is further

**ORDERED**: The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived.

Dated at Bridgeport, Connecticut this 16th day of August, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut